JOHN V. CARR & SON, INC. v. UNITED STATES

No. 5912.—Invoices dated Toronto, Canada, September 2, 1941, etc.
Entered at Detroit, Mich., September 5, 1941, etc.
Entry No. 1966, etc.

(Decided August 10, 1943)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties as follows:

(1) That the merchandise, acetylene black, and the issues involved in the cases listed in the attached schedule A are the same in all material respects as the merchandise, acetylene black, and the issues involved in the cases of *United States* v. *John V. Carr & Son*, R. D. 4092, and *General Dry Batteries, Inc.* v. *United States*, R. D. 4385, and that insofar as the Canadian Sales Tax is concerned, the conditions prevailing at the time of exportation of the merchandise in the present case were the same as in the cases, R. D. 4092 and R. D. 4385.

(2) That the records in said cases R. D. 4092 and R. D. 4385 may be and hereby are incorporated as a part of the record in these cases.

(3) That in all of these cases, the prices at the times of exportation at which merchandise such or similar to that in suit was freely offered for sale to all purchasers in the principal markets of Canada in the usual wholesale quantities and in the ordinary course of trade, including all costs, charges, and expenses incident

to placing the merchandise in condition, packed ready for shipment to the United States, were the appraised values less the additions under duress for Canadian Sales Tax, which the importer made at time of entry.

(4) That at the times of exportation of the merchandise in suit, there was no export value therefor higher than its foreign value as set forth in paragraph (3) above.

(5) That said reappraisements, 141436–A–999, etc., listed in the annexed schedule A, are hereby submitted for decision upon this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions under duress for Canadian sales tax which the importer made at the time of entry.

Judgment will be rendered accordingly.